IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JARROD TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 06-0364-WS-C |
| | ) | |
| RICHARD F. ALLEN, etc., | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

    This matter is before the Court on the petitioner's motion to stay. (Doc. 5). The accompanying memorandum, (Doc. 6), explains that his appeal from the trial court's denial of his Rule 32 motion was dismissed by the Court of Criminal Appeals because the attorney signing the notice of appeal had not been admitted to practice in Alabama. The petitioner has petitioned the Alabama Supreme Court for writ of certiorari and, if the writ is denied, he intends to file a petition under Rule 32.1(f), which the Court of Criminal Appeals identified as his "remedy, if any." The petitioner moves the Court to stay proceedings on his federal petition pending resolution of these state proceedings.

    "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The petitioner's is not a mixed petition, but the same principle applies to all petitions. Thus, "[a] prisoner seeking state postconviction relief might avoid this predicament [of having his federal petition declared untimely because his state application for collateral review was not "properly filed" under 28 U.S.C. § 2244(d)(2)] .... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*).

"A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court," *Pace*, 544 U.S. at 416, and there appears to be reasonable confusion as to whether either the notice of appeal or a Rule 32.1(f) petition would be deemed timely. A claim is potentially meritorious if it is not "plainly meritless," *Rhynes*, 544 U.S. at 277, and the Court cannot on this record conclude that all of the petitioner's grounds for relief are plainly meritless. Finally, there is no suggestion in the record that the petitioner is requesting a stay with the intent of improperly delaying consideration of his federal petition.

Accordingly, the motion to stay is **granted**. This action is **stayed** pending completion of the petitioner's state collateral proceedings. The petitioner is **ordered** to file and serve, on or before the tenth day of each month, a status report reflecting developments in his state proceedings, including a statement as to whether they have been concluded.

DONE and ORDERED this 23rd day of February, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE